Opinion by
Mr. Justice Moore.*
The parties appear in this court in the same order as in the district court and will be referred to as plaintiff and defendant.
The action was filed by plaintiff following an accident in the town of Fraser in Grand county, Colorado. The accident occurred on March 5, 1961, at a point where a public highway, known as Eisenhower Drive, in the town crossed the railroad tracks over which the defendant operated trains.
The plaintiff was a passenger in an automobile which was being driven in a westerly direction on Eisenhower Drive and it collided with the front diesel engine of the train, commonly known as the “California Zephyr,” as it was travelling in a northerly direction. Plaintiff suffered personal injuries which resulted from the accident and alleged in her complaint that the damages she sustained were caused by the negligence of the defendant. The issues as framed by the pleadings were tried to a jury which returned a verdict in favor of the defendant, and after motion for a new trial was filed and denied judgment entered on the verdict. The plaintiff is before this court on writ of error seeking reversal.
The Summary of Argument contains twenty-three alleged assignments of error and some of them contain numerous subsections. However in this court the main thrust of the argument for reversal is that the trial court erred in giving certain instructions to the jury over objections of counsel, and in refusing to give tendered instructions.
At the conclusion of the evidence offered by the plaintiff and again at the close of all the evidence, counsel *244 for the defendant moved for a directed verdict in favor of the defendant on the ground that plaintiff had failed to establish any negligence on the part of the defendant. The motion was denied and the issues were submitted to the jury over defendant’s objections.
Resolution of a single question disposes of the entire controversy. That question is raised in the answer brief of the defendant from which we quote the following: “If any error was committed by the trial court, it was in its failure to direct a verdict against the plaintiff and in favor of the defendant. The plaintiff completely failed to carry her burden of proof to prove any negligence whatever on the part of the Railroad or of its employees. * * *”
We are in full agreement with this statement of counsel for the defendant. The evidence produced at the trial was insufficient as a matter of law to warrant submission to the jury the question of whether the defendant was guilty of negligence.
No assignments of error directed to any alleged error in the course of the trial, prior to the giving of the instructions to the jury, deserves special mention. All of them are without merit. In ordering affirmance of the judgment we observe that if a verdict had been returned in favor of the plaintiff, a motion for judgment notwithstanding the verdict would probably have been sustained. In submitting the case to the jury the trial court might well have had this in mind, and might have intended to place the case in a posture before this court in which final disposition of the cause would result, without risking the possibility of a second trial.
The judgment is affirmed for the reason that no negligence of the defendant was established by the evidence.
Mr. Justice Day, Mr. Justice Kelley and Mr. Justice Lee concur.

Retired Supreme Court Justice sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.